IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Criminal No. 3:11-686-CMC |
| vs. | **OPINION AND ORDER** |
| Ryan Lamar Dixon, Defendant. | |

This case comes before the court on Defendant's *pro se* Motion for Reduction Pursuant to the First Step Act of 2018. ECF No. 154. The United States Probation Office filed a Sentence Reduction Report indicating Defendant does not qualify for relief under the First Step Act. ECF No. 159. The court entered an Order directing Defendant to submit any further filings regarding his motion by March 5, 2019, and noted "[a]bsent any further filing, the court will deny relief." ECF No. 160. No further filing has been received by the court, and the deadline has expired. For the reasons explained below, Defendant's motion is denied.

Defendant was charged in a Superseding Indictment on October 4, 2011[1] with seven counts: Count 1 charged conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine and 28 grams or more of cocaine base, and Counts 2-7 charged use of a communication facility (a telephone) to facilitate the commission of a felony, namely conspiracy to distribute, possession with intent to distribute, and distribution of cocaine and cocaine base. ECF No. 73. Defendant entered into a Plea Agreement to plead guilty to Count 1 of the Superseding Indictment, and entered a guilty plea on October 17, 2011. ECF Nos. 46, 49. He

---

[1] Defendant was originally indicted on June 7, 2011. ECF No. 2.

was sentenced on February 16, 2012 to 135 months' imprisonment and five years' supervised release. ECF No. 120.

In 2010, Congress passed the Fair Sentencing Act to reduce the disparity in the treatment of cocaine base and powder cocaine offenses by increasing the quantities of cocaine base required to trigger 21 U.S.C. §§ 841(b)(1)(A) and (B). *See* Pub. L. No. 111-220, 124 Stat. 2372 (emphasis added). The First Step Act of 2018 applied these provisions of the Fair Sentencing Act retroactively. *See* Pub. L. No. 115-391, 132 Stat. 5194. Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the offense was committed." *Id.* Consideration for a reduction in sentence is not available under the First Step Act "if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." *Id.* at §404(b).

Defendant was indicted and pled guilty in 2011, and was sentenced in 2012 – after the enactment of the Fair Sentencing Act of 2010. His sentence was therefore imposed "in accordance with the amendments" of the Fair Sentencing Act, and he is ineligible for a reduction pursuant to the First Step Act. Accordingly, Defendant's motion pursuant to the First Step Act (ECF No. 154) is denied.

**IT IS SO ORDERED**.

> s/Cameron McGowan Currie
> CAMERON MCGOWAN CURRIE
> Senior United States District Judge

Columbia, South Carolina
April 22, 2019